UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62176-Civ-SCOLA

CHANDRA LEWIS,

    Plaintiff,

vs.

THE KEISER SCHOOL, INC.,

    Defendant.
_____/

## ORDER DENYING MOTION TO STAY AND GRANTING
## MOTION FOR EXTENSION OF TIME

    THIS MATTER is before the Court upon the Defendants' Opposed Motion to Stay Dispositive Motion Deadline and Other Pretrial Deadlines Until After the Court Rules on Defendants' Motion to Compel Arbitration, or in the Alternative, Defendants' Unopposed Motion for a Two-Day Enlargement of Time for the Parties to File Dispositive Motions [ECF No. 71], filed by the Keiser School, Inc. and Everglades College, Inc. Defendants ask the Court to stay the dispositive motions deadline, currently set for June 25, 2012, until after the Court rules on their Motion to Compel Arbitration. This Motion is denied.

    The Court has granted two continuances of the trial date and multiple extensions of pretrial deadlines, mostly at Defendants' request. The Court has also allowed the parties to conduct depositions after the close of discovery. The most recent extension of time and trial continuance came on June 5, 2012, when the Court granted Defendants' request for more time. In that Motion, Defendants set forth various bases for the requested relief, but did not make the argument that the Court should stay the pretrial deadlines in this matter pending a ruling on their Motion to Compel Arbitration, which was filed in May 2012. Now, after obtaining exactly what they asked for and more – to wit, a trial continuance that the Court *sua sponte* granted – the Defendants come forward with yet another request why more time and delay is warranted. This time, Defendants argue that they should not be forced to litigate and expend the time and money

to prepare dispositive motions when this matter may ultimately be sent to arbitration. This argument comes too late.

As Plaintiff points out, Defendants first moved to compel arbitration more than seven months after the Complaint was filed, "practically when all discovery and litigation in this case were coming to an end," and after the Court had already once amended the pretrial and trial schedule in this matter. Resp. ¶ 2. The Court will rule on the Motion to Compel Arbitration in due course and here expresses no opinion on the ultimate merits of it. The Court merely notes that this Motion came late in the day, as it were, and therefore does not present itself in the same posture as if it were filed out of the gate in a case. At this point in time, after more than nine months and after this Court has generously granted multiple extensions, the time has come to say "no more."

Accordingly, the Court will not stay the dispositive motions deadline and it will not substantially extend that deadline either. Defendants' Motion to Stay is therefore **DENIED**. Because this Order is being entered late in the day on the dispositive motions deadline, the Court will permit the parties until **June 27, 2012** (as alternatively requested) to timely file any such dispositive motions.

**DONE and ORDERED** in chambers, at Miami, Florida on June 25, 2012.

_____
ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE

*Copies to:*
U.S. Magistrate Judge Rosenbaum
Counsel of record