UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62176-Civ-SCOLA

CHANDRA LEWIS,

    Plaintiff,

vs.

THE KEISER SCHOOL, INC.,

    Defendant.
_____/

**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

THIS MATTER is before the Court on the Defendants' Motion for Summary Judgment [ECF No. 75], filed by the Keiser School, Inc. and Everglades College, Inc. (collectively, "Keiser"), and the Plaintiff's Motion for Summary Judgment as to Liability [ECF No. 76], filed by Chandra Lewis ("Lewis"). For the reasons set forth below, the Court finds that Keiser is entitled to partial summary judgment. Accordingly, its motion is granted in part. Lewis's motion, meanwhile, is denied.

**Introduction and Background**[1]

From April 2008 until September 2011, Lewis worked as a full time, non-exempt community relations coordinator at Keiser's Pembroke Pines campus in South Florida. Her responsibilities included visiting area high schools, attending college and career fairs and community events as a representative of the school, and preparing weekly reports. She set her own daily and weekly schedules and often spent time off-site at area schools and events. Thus, Lewis's hours fluctuated somewhat from week-to-week during her tenure with Keiser. Lewis was responsible for reporting and/or recording her own time and hours worked, under various time recording systems during employment.

Lewis was compensated for overtime hours using the fluctuating workweek ("FWW") method. This method of compensation is sometimes used for employees whose hours fluctuate from week-to-week, provided certain conditions are met. In such circumstances, the FLSA permits the employer to pay its employees a salary under the FWW method, regardless of the

---

[1] Consistent with Federal Rule of Civil Procedure 56, the above facts are material and undisputed, and construed in the light most favorable to the nonmoving party.

number of hours worked each week, plus additional compensation at a half-time rate for all hours worked in excess of 40 during any particular week.

At the time Lewis began her employment, Keiser informed her that she would be paid a salary on a bi-weekly basis and that the normal workweek for nonexempt employees would be 40 hours. She was provided an employee handbook, which did not expressly mention the FWW method of compensation for overtime hours. On Lewis's application form, the campus president notated that her "Default Hours" would be "80" for a two-week period. The paystubs Lewis received every two weeks did not include the number of hours she worked, nor her rate of pay. They did, however, contain a notation for "HALF TIME" pay corresponding to the additional overtime compensation she received under the FWW method for that work period.

Lewis filed this lawsuit under the FLSA to collect compensation allegedly due her. The parties have cross-moved for summary judgment. The issues before the Court are whether Lewis was paid for all hours worked, and whether Keiser properly utilized the FWW method to compensate her for overtime hours. Subsidiary issues include whether Keiser violated the FLSA "willfully," such that Lewis is entitled to an extended limitations period, and/or whether Keiser acted in "good faith," such that it is not responsible for liquidated damages.

## **Legal Standard**

Under Federal Rule of Civil Procedure 56, "summary judgment is appropriate where there 'is no genuine issue as to any material fact' and the moving party is 'entitled to a judgment as a matter of law.'" *Alabama v. N. Carolina*, 130 S. Ct. 2295, 2308 (2010). "[O]nce the moving party has met its burden of showing a basis for the motion, the nonmoving party is required to 'go beyond the pleadings' and present competent evidence designating 'specific facts showing that there is a genuine issue for trial.'" *United States v. $183,791.00*, 391 F. App'x 791, 794 (11th Cir. 2010) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). "An issue of fact is material if, under the applicable substantive law, it might affect the outcome of the case." *Castillo v. Roche Labs., Inc.*, 467 F. App'x 859, 861 (11th Cir. 2012). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). Ultimately, the court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

**Legal Analysis**

The Court finds that Keiser is entitled to summary judgment on the issue of whether Lewis was paid overtime for all hours worked, but not on the issue of whether it properly relied upon the FWW method. The Court also denies summary judgment on the issues of "willfulness" and "good faith" under the FLSA.

**A. Whether Keiser Paid Lewis For All Overtime Hours Worked**

Lewis contends that she is owed compensation for sending emails during her lunch hour or after hours, as set forth in Table 2 of her statement of facts in support of summary judgment. This argument is unavailing.

First of all, Lewis has not shown that the time spent drafting and sending emails would have put her over 40 hours for any week in question. This is significant because Lewis received fixed pay (that is, a salary) for 40 hours per week of work, regardless of whether she worked 40 hours or not. As such, to the extent that Keiser owes Lewis compensation at all, it is for overtime hours. But when an FLSA claim "concerns only a few seconds or minutes of work beyond the scheduled working hours, such trifles may be disregarded." *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946). "Most courts have found daily periods of approximately 10 minutes to be *de minimis*." *Burks v. Equity Group-Eufaula Div., LLC*, 571 F. Supp. 2d 1235, 1247 (M.D. Ala. 2008). Here, as even Lewis concedes, the emails were not lengthy and could not have taken more than a few minutes to draft and send. Yet, she insists that the emails are evidence she must have been doing more substantial work during her lunch breaks too. This argument is speculative and unsupported. Lewis offers no evidence of any other substantive work that she performed while off the clock. The time Lewis spent sending emails at lunch is *de minimus* as a matter of law.

Moreover, Lewis clocked herself in and out and accounted for her own time. Under such circumstances, the Court is unwilling to attribute to Keiser actual or constructive knowledge of work being performed off the clock, when Lewis's own records indicate otherwise. Lewis does not argue, or present any evidence showing, that Keiser forced her to clock out and continue working through lunch. Under such circumstances, it makes no sense to say that Keiser should have paid Lewis for drafting and sending emails at times that she herself indicated she was clocked out or taking lunch. *See Gaylord v. Miami-Dade County*, 78 F. Supp. 2d 1320, 1325 (S.D. Fla. 1999) (Nesbitt, J.) ("An employer does not have knowledge of uncompensated overtime when an employee submits time sheets showing such overtime did not occur."); *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972) (employee was estopped

from claiming more hours than those submitted in time sheets); *Newton v. City of Henderson*, 47 F.3d 746, 748-49 (5th Cir. 1995) (reversing FLSA award based on constructive knowledge where employer paid employee based on time sheets); *see also LaFollette v. City of Gatlinburg*, 2012 WL 1830957, at *12 (E.D. Tenn. May 18, 2012) (granting summary judgment to employer on FLSA claim, where employee argued that she clocked out, but continued to work at her desk during lunch; evidence was insufficient to show employer knew of work performed at lunch).

That Lewis's supervisors may have been recipients of some of the emails does not alter the analysis. There is no evidence that Keiser had any reason to believe Lewis's work at lunch was other than *de minimus*. *See, e.g.*, *Barvinchak v. Indiana Reg'l Med. Ctr.*, 2007 WL 2903911, at *17 (W.D. Pa. Sept. 28, 2007) ("[T]here is simply no evidence that [the supervisor] would have had actual or constructive knowledge that the time Plaintiff dedicated to these calls [off the clock at home] was more than *de minimis*. The time Plaintiff spent responding to work related phone calls at home is, therefore, not compensable under the FLSA.").

The Court also rejects the argument that Lewis is owed any compensation due to the alleged discrepancies in Keiser's time records, as identified in Table 1 of her statement of facts in support of summary judgment. Lewis argues that Keiser did not accurately record and account for the working time she reported. She attempts to illustrate this in Table 1 by comparing, for example, the time she reported clocking in on a particular date with the time that Keiser purportedly credited her. For instance, Lewis contends that on November 6, 2009, she reported her clock in time as 7:00 a.m., but Keiser incorrectly recorded that time as 7:30 a.m., thus entitling her to compensation for an additional 30 minutes of work that day.

This argument is mistaken. As already noted, Lewis was paid a fixed salary, whether or not she worked 40 hours in a given week. Thus, to the extent Lewis is owed anything, it is overtime compensation for any hours worked ***in excess of*** 40 hours a week. By Lewis's own records, however, she did not exceed 40 hours of work during the weeks in question, save one.[2] Obviously, Lewis cannot establish she is owed overtime, where she herself does not contend that she worked more than 40 hours during the weeks in question.

---

[2] The sole exception is the week of November 5, 2010, in which Lewis's records indicate that she worked 40.5 hours. Such a small discrepancy, even if true, is insufficient to defeat summary judgment and establish an FLSA violation on this issue. *See Contini v. United Trophy Mfg., Inc.*, 2007 WL 1696030, at *3 (M.D. Fla. June 12, 2007) (Sharp, J.).

### B. Whether Keiser Properly Utilized the FWW Method

Where an employee's working hours fluctuate from week to week, the FLSA's implementing regulations permit employers to use the FWW method as an alternative means of compensation. *See Garcia v. Port Royale Trading Co. Inc.*, 198 F. App'x 845, 845-46 (11th Cir. 2006) (citing 29 C.F.R. § 778.114). Under the FWW method, "the workweek is still capped at 40 hours, and any work in excess of 40 hours is considered overtime for which an employee must be paid." *See Garcia*, 198 F. App'x at 846 n.1; *Davis v. Friendly Express, Inc.*, 2003 WL 21488682, at *1 (11th Cir. 2003). "Employees are compensated at a fixed salary per week regardless of the number of hours worked (whether above or below 40 hours), and at one-half (or 50%) the regular rate, instead of one-and-one-half times (or 150%) for each hour worked in excess of 40 hours." *See Garcia*, 198 F. App'x at 846 n.1. The reason that overtime is paid at a half-time rate is "because the straight-time rate [that is, the fixed salary] already includes compensation for all hours worked." *Davis*, 2003 WL 21488682, at *1.

In order for an employer to utilize the FWW method: 1) the employee's hours must fluctuate from week-to-week; 2) the employee must receive a fixed weekly salary that remains the same, regardless of the number of hours worked during the week; 3) the fixed amount must be sufficient to compensate for all hours actually worked in a week at a rate not less than the legal minimum wage (fixed weekly salary divided by total hours worked in a week); 4) the employee must have a clear "mutual understanding" with the employer that he will be paid the fixed salary, regardless of the number of hours worked; and 5) the employee must be paid, in addition to the salary, overtime for all hours over 40 in a given week at a half-time rate. *See Teblum v. Eckerd Corp. of Fla., Inc.*, 2006 WL 288932, at *3 (M.D. Fla. Feb. 7, 2006); *Davis*, 2003 WL 21488682, at *1.

In the case at bar, Lewis argues that two of these conditions are not satisfied. First, she contends that Keiser did not pay her a fixed salary because, on two occasions in 2008, she was compensated for actual hours worked. Second, Lewis submits that the requisite clear "mutual understanding" between her and her employer is missing here.[3]

Initially, the Court rejects Lewis's argument that she was not paid a fixed weekly salary. Her evidence of this consists solely of two instances (during her first and fifth weeks of employment) where she was purportedly not paid her proper salary. As to the first, Lewis

---

[3] Lewis also makes a third argument, but it deserves little discussion. Lewis contends that she was not paid for all overtime at the half-time rate, as required by the fifth condition above, because she is owed compensation for emails sent during the lunch hour and for working time inaccurately recorded by Keiser. The Court has already found that Lewis is owed no such compensation, because she failed to show that the work performed would have put her over 40 hours in any given week.

contends that she was not correctly paid on a *pro rata* basis for her first day of employment. As to the second, she argues Keiser failed to pay her for 40 hours of work in her fifth week of employment; instead, Keiser paid her for only 39 hours. The Court finds that these isolated instances do not establish Lewis was paid other than a fixed salary during her employment. Both instances are well beyond the statute of limitations, and Lewis does not argue that she was paid other than a fixed salary ***during*** the limitations period. Whatever occurred outside of the limitations period cannot create a genuine issue of fact, where the undisputed evidence otherwise shows that she was always paid a fixed salary ***within*** the limitations period.

Lewis's second argument is more persuasive. The Court finds that there is a genuine issue of fact as to whether Lewis had a clear "mutual understanding" that her salary would cover all hours worked, such that Keiser was entitled to pay her overtime at the half time rate. In *Davis*, the Eleventh Circuit affirmed summary judgment to the employer even though the plaintiffs maintained that no clear and mutual understanding existed about how they were paid. *Davis*, 2003 WL 21488682, at *2. Despite plaintiffs' asserted confusion, the Eleventh Circuit agreed with the district court's assessment that they "received a regular lesson – in the form of their paychecks – about how the fluctuating workweek plan operates," because their "pay stubs showed a base amount of pay and the number of hours worked[.]" *See id.* (citations omitted). In this case, by contrast, Lewis's paystubs did not contain the same information – they did not show the number of hours worked or the base amount of pay. While the Court recognizes that an FLSA plaintiff need not understand all the details and contours of how his pay is calculated, Lewis's paystubs did not contain the same level of information as in *Davis*. As such, the Court cannot say that Lewis's paystubs taught her the same "lesson."

In this case, there is conflicting evidence as to what sort of understanding Lewis had about her salary and overtime compensation. It shall be the jury's task to decide the significance of, and the inferences to be drawn from, the language in the employment policy manuals Lewis received (or did not receive), the notation ("Default Hours: 80") on Lewis's new hire form, the fact that her paystubs did not reflect the number of hours she worked or the rates of her pay, Lewis's purported lack of inquiry as to the method of compensation, and any other relevant indicia of her understanding.

### C. Whether Keiser "Willfully" Violated the FLSA

Willful conduct is significant under the FLSA because where it is proven, the statute of limitations for the plaintiff is extended from two years to three. *See Allen v. Bd of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1323 (11th Cir. 2007); 29 U.S.C. § 255(a). In order for this to

matter, Lewis must first establish that Keiser actually violated the FLSA. Because there is a question of fact as to whether Keiser properly relied upon the FWW method, the issue of "willfulness" shall be left for the jury at trial. *See Allen*, 495 F.3d at 1324 ("determination of which statute of limitations to apply must be reserved until it is determined whether a violation of the FLSA occurred in this case"); *Teblum*, 2006 WL 288932, at *11 (denying summary judgment on issue of "willfulness," where genuine issue of fact existed as to application of FWW method). Summary judgment is therefore denied on this issue.

### D.  Whether Keiser Acted in "Good Faith"

Where an employer violates the FLSA, he is liable "in the amount of the employee's unpaid overtime compensation 'and in an additional equal amount as liquidated damages.'" *See Allen*, 495 F.3d at 1323. "An exception exists when the employer acted in good faith and had 'reasonable grounds for believing that he was not violating the Act.'" *See id.* (quoting 29 U.S.C. § 260). The question of good faith is for the judge, not the jury. *See* 29 U.S.C. § 260.

The Eleventh Circuit has said that where a jury determines the employer acted "willfully" in violating the FLSA, the trial judge may not inconsistently find that the employer also acted in good faith. *See Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008) ("in an FLSA case a jury's finding in deciding . . . that the employer acted willfully precludes the court from finding that the employer acted in good faith"). Because the issue of "willfulness" is reserved for the jury at trial, the Court must also deny summary judgment as to whether Keiser acted in "good faith" here.

### Conclusion

For the reasons set forth above, it is hereby **ORDERED and ADJUDGED** that the Defendants' Motion for Summary Judgment [ECF No. 75] is **GRANTED IN PART**, and the Plaintiff's Motion for Summary Judgment as to Liability is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida on October 12, 2012.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

*Copies to:*
Counsel of record